STATE BAR GRIEVANCE ADMINISTRATOR v LANE

Docket No. 61717. Argued May 30, 1979 (Calendar No. 3).—Decided
   July 26, 1979.

   Henry R. Lane was suspended from the practice of law for two
   years by a hearing panel of the State Bar Grievance Board. He
   did not answer the requests for investigation and did not
   appear at the hearing on the charges against him. After the 20-
   day period for appeal to the State Bar Grievance Board ex-
   pired, he filed a delayed petition (now called motion) for rehear-
   ing, which was denied. The respondent appeals. *Held:*

      The General Court Rules are silent as to the authority of the
   new Attorney Discipline Board to consider a delayed motion for
   review of an order of discipline. For the same reason that the
   Court has created the opportunity to file delayed appeals in the
   courts, the Attorney Discipline Board should have the author-
   ity to entertain a delayed motion.

      Reversed and remanded to the Attorney Discipline Board to
   consider the merits of the respondent's motion.

*Louis Rosenzweig,* counsel for Grievance Admin-
istrator.

*Eugene J. Fisher* for respondent.

PER CURIAM. In this appeal, we do not address
the merits of the underlying complaints leading to
the Henry Ralph Lane's two-year suspension from
the practice of law or the adequacy of the grounds
raised to support his delayed motion for review.
We hold only that the Attorney Discipline Board is
authorized to entertain a delayed motion.

I

Robert and Beverly Marklin and Pearl Arlene

Outland filed requests for investigation of Mr. Lane. Each request was mailed to Mr. Lane for an answer. He did not answer. The Grievance Administrator mailed a "final notice before default" to Mr. Lane. Again there was no answer, and Mr. Lane's defaults were filed.

The Grievance Administrator filed a four-count complaint against Mr. Lane, Counts I and III charging substantive misconduct with regard to his representation of the Marklins and Mrs. Outland, and Counts II and IV charging failure to answer the requests for investigation. Mr. Lane did not answer, and he did not appear at the hearing. The panel heard the testimony of the complainants and on March 14, 1978, entered an order suspending Mr. Lane from the practice of law for two years.

The time for appeal to the then-named State Bar Grievance Board expired on April 3, 1978. On May 22, 1978, Mr. Lane filed a "delayed petition for rehearing". He said that the disciplinary proceedings occurred during a period when he was ill. He recovered on May 15, 1978. The board denied the petition on June 28, 1978, without explanation.

II

The Grievance Administrator argues that the Attorney Discipline Board does not have the power to grant rehearings or set aside an order of the hearing panel after it becomes final. GCR 1963, 967.1 requires that a motion for review of an order of a hearing panel must be filed within 20 days after the order is served. It is silent as to the authority of the board to consider a motion for review filed on a delayed basis. For the same reason we have created the opportunity to file

delayed appeals,[1] we believe the board should have the authority to entertain a delayed motion.

We remand the case to the Attorney Discipline Board to consider the merits of Mr. Lane's delayed motion for review. The board may consider, as one of the conditions for granting delayed review, assessing the costs of the initial proceedings against Mr. Lane. We retain no further jurisdiction.

COLEMAN, C.J., and KAVANAGH, WILLIAMS, LEVIN, FITZGERALD, RYAN, and BLAIR MOODY, JR., JJ., concurred.

[1] GCR 1963, 701.2(c), 703.1(2), 806.4, 853.2(3).